AMOS W. STETSON *vs.* CHARLES H. DOW.

The owner of a tract of land conveyed a portion of it, described as bounded in part on "an avenue laid out on a plan" of the whole tract, previously made for the grantor by a certain surveyor; "meaning and intending to convey to the grantee all the land laid out as said avenue, so far as the same is connected with or contiguous to the land above described; and if the said avenue is finally opened, as laid out on said plan, by the agreement of the owners of all the land, then the same is to be open and free to all the abutters thereon from Adams to Elm Streets." *Held*, that the fee thus granted in the soil of the way was subject to a right of way in the grantor and his assigns as appurtenant to the rest of the tract. *Held, also,* that the way might be identified by the testimony of another surveyor, that shortly before the deed the grantor handed him the plan made by the first surveyor, on which he marked out lots and an avenue in pencil, and caused a number of copies thereof to be lithographed, one of which he produced.

When a bill of exceptions shows that the prevailing party at the trial put in a deed, which by its true construction is conclusive in his favor, the admission of oral evidence of subsequent acts is immaterial and no ground of exception.

MERRICK, J. This is an action of tort to recover compensation of the defendant for the damage caused by his forcibly entering upon and ploughing up the soil of the plaintiff's close. The defendant in his answer sets forth and avers that, at the time of the doing of the several acts stated and complained of in the declaration, he had and was the owner of a right of way in a certain part of said close; and that all he did upon it,

either by ploughing or otherwise using or disturbing the soil thereof, was for the sole purpose of fitting and preparing the way in a suitable and proper manner for the use and enjoyment of it. And it is conceded that if he did in fact own and was legally entitled to have and enjoy the alleged right of way, his entry and acts upon the close were justifiable, and afford to the plaintiff no just ground of complaint or cause of action.

Several questions of law are presented to the consideration of the court in the bill of exceptions ; but upon examination it is very obvious, from the statement of the case, that the rights of the parties in relation to the matter in controversy between them are to be determined upon a proper construction of the deeds under which they respectively claim to derive title to an interest in the " avenue " mentioned in them.

By the deed of Stetson and Newcomb, assignees of Benjamin V. French, two lots of land are conveyed to the plaintiff, the first of which is described in part as bounding on " an avenue laid out on a plan of lands of the Hon. B. V. French, made by Lemuel Humphrey, October 17th 1849." The other tract conveyed is described as bounding in part " by said avenue."

It is now well settled that when a grantor conveys land bounding on a street or way, he and his heirs are estopped to deny the existence of such street or way ; and the grantee acquires by the deed a perpetual easement or right of passage on, upon and over it, from the full enjoyment of which he can never afterwards be excluded. And this is a right, not only coextensive with the land conveyed, but for the entire distance of the way, as it is then actually laid out or clearly indicated and prescribed. *Tufts* v. *Charlestown*, 2 Gray, 271. *Thomas* v. *Poole*, 7 Gray, 83. *Loring* v. *Otis*, 7 Gray, 563. *Rodgers* v. *Parker*, 9 Gray, 445. The plaintiff therefore by his deed acquired a right of way in the avenue as it was laid out in the aforementioned plan made by Humphrey ; and on recurring to the plan and the statements on the bill of exceptions, it appears that this avenue extends from Adams Street by or over

the lands conveyed to the plaintiff to the lands subsequently conveyed to the defendant, and thence by the last mentioned tracts of land to Elm Street. The right of way, therefore, which the plaintiff acquired, extended the entire distance from Adams to Elm Street.

It became of course necessary, in applying this description to the land in question, to ascertain what avenue was in fact laid down on the plan made by Humphrey. This was fully disclosed by the evidence produced upon the trial, which was clearly admissible for that purpose. *Allen* v. *Bates,* 6 Pick. 460. *Waterman* v. *Johnson,* 13 Pick. 261. Breck, a surveyor, testified that before the sale the plan of Humphrey was put into his hands by the assignees of French, who were the plaintiff's grantors, and that by their direction, after having made some additional surveys, he marked out upon it the lots and avenue in pencil. That was the laying out of the avenue on the plan of Humphrey, mentioned in the deed. The plan thus amended and prepared was sent to the lithographers, who returned one hundred copies of it, of which the plan produced in evidence upon the trial is one. This latter plan therefore shows exactly of what the avenue consisted, and consequently what and where was the right of way to which the plaintiff became entitled by the conveyance.

But there is a further clause in the same deed, by virtue of which the plaintiff claims to have acquired, not only a right of way in the avenue, so far as it is coextensive with the land conveyed to him, but also an absolute title thereto in fee to the exclusion of the grantors and of all persons claiming title under them to lands bounding on any other part of the avenue. It is in these words: " Meaning and intending to convey to the said Amos W. Stetson all the land laid out as said avenue, so far as the same is connected with or contiguous to the said land above described. And if the said avenue is finally opened or laid out on said plan, by the agreement of the owners of all the land, then the same is to be open and free to all the abutters thereon from Adams to Elm Streets." This clause distinctly recognizes the existence of the avenue laid

down on the plan of Humphrey, that is, laid down by Breck, by the direction of the assignees of French on the plan which had been previously made by Humphrey. The only legal effect of it is a conveyance of the land of which the avenue consists in fee to the grantee, but subject to a right of way upon and over it. The avenue continues in existence, and the easement created upon it is in no respect abrogated or discharged. The grantee, notwithstanding this clause, derives a right of way beyond his land, extending as far as Elm Street, while at the same time that which is conveyed to him is subject to a like burden for the benefit of the owners and proprietors of the other adjoining lots through which it passes. The provision that the avenue shall be open and free to all the abutters when it is finally opened by the agreement of all the owners of the land is merely superfluous. They certainly could agree upon a way if none existed or was created before. The conclusion from these circumstances is, that the plaintiff acquired by this deed the fee of the land of which the avenue consisted, but subject to the right of the grantors, as owners of other land bounding on it, to have a like right of way with him over and upon it.

Such being the condition of the estates and the title of the respective parties owning lands bounding on the avenue, the assignees of French had undoubtedly both the power and the right to convey a right of way in it to the defendant, together with the lots described in the deed subsequently made to him. And this was done ; for it is a part of the description of the lots conveyed that they bounded on the avenue, and this, as has already been shown, necessarily imported not only that the grantors had such right of way themselves, but also that they conveyed it to the defendant.

The parol evidence of what took place at the auction sale, having plainly been produced and admitted for the purpose of showing what interest and estate was conveyed by the deeds to the parties in this action, was manifestly inadmissible. But this, as well as the several other questions arising upon the bill of exceptions, must now, in reference to the verdict which was

rendered for the defendant, be considered as wholly immaterial. As he had and owned under his deed the right of way which he claimed, no parol or other evidence was necessary to enable him to insist upon or to avail himself of it. As a mere question of law, upon a proper construction of the terms contained in the two deeds to the plaintiff and the defendant, the latter, upon the concession that he did upon the land no other acts than those which were necessary and proper to fit and prepare the surface of the avenue for use as a way, was guilty of no wrong, and no action can be maintained against him.

*Exceptions overruled.*

*E. Avery*, for the plaintiff.

*E. Ames*, for the defendant.